32381.   M. A. FERST, LTD. *v.* HUIET, Commissioner, etc.,
*et al.*

DECIDED FEBRUARY 24, 1949.   REHEARING DENIED MARCH 24, 1949.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins*, for plaintiff.

*Clifford Walker, J. Benton Evans*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ Section 54-610 of the Code (Ann. Supp.) provides in part as follows: "An individual shall be disqualified for benefits— . . (d) For any week with respect to which the commissioner finds that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment or other premises at which he is or was last employed, but he has not been restored to such last employment, his disqualification for benefits under this subsection shall be deemed to have ceased at such time as the commissioner shall determine such stoppage of work to have ceased and such operations to have been resumed."

Counsel for both sides concede that this case turns upon a

proper construction of the phrase in the act, "stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed." Counsel for the employer contends that this phrase refers to a stoppage of work by the employee, and that these employees are disqualified for benefits because the stoppage of work meant their stopping work on account of a strike of which the employer was notified, which strike is still in existence because the employer has never been given notice of its discontinuance. Counsel for the commissioner and the employees contend that the term refers to a substantial curtailment of operations at the factory, establishment, or other premises at which the employee is or was last employed. This provision of the act has not heretofore been construed by the appellate courts of our State. Counsel for the employer rely for their interpretation of this provision of our statute on Board of Review v. Mid-Continent Petroleum Corp., 193 Okla. 36 (141 Pac. 2d, 69), decided by the Supreme Court of Oklahoma in 1943, in construing a provision of the Oklahoma statute very similar to the provision of our statute under consideration. This decision was by a divided bench of seven to two and contains a dissent in accordance with the contentions of counsel for the commissioners and the claimants. The decision of the majority therein has also been criticised by other courts as being unsound. See Sakrison v. Pierce, 66 Ariz. 162 (185 Pac. 2d, 528).

The contrary view is also held in Lawrence Baking Co. v. Michigan Unemployment Compensation Comm., 308 Mich. 198 (13 N. W. 2d, 260, 154 A. L. R. 660); Magner v. Kinney, 141 Neb. 122 (2 N. W. 2d, 689); In re Steelman, 219 N. C. 306 (13 S. E. 2d, 544); Saunders v. Maryland Unemployment Compensation Board _____Md._____ (53 Atl. 2d, 579); Carnegie-Illinois Steel Corp. v. Review Board of Indiana (Ind. App.), 72 N. E. 2d, 662; Deshler Broom Factory v. Kinney, 140 Neb. 889 (2 N. W. 2d, 332). In addition to this persuasive authority, a careful study of our own statute also strongly indicates that the stoppage of work referred to therein means at the place of work rather than stoppage on the part of the individual worker. See use of the term in the Code (Ann. Supp.), § 54-610(d). Clearly this term refers to stoppage at the place of work rather than stoppage on the part of the worker.

■ The evidence amply authorized the finding that the unemployment of the employees herein was due to a stoppage of work which existed because of a labor dispute at the factory at which they were last employed; that it began on August 18, 1947, and continued until September 20, 1947; that on the latter date normal operations had been resumed at the factory, but the employees had not been restored to their employment; that on said latter date the stoppage of work due to the labor dispute had therefore ceased; and that the employees, upon reporting for duty on September 22 and being refused re-employment, were no longer disqualified for benefits under the Unemployment Compensation Law.

■ It follows that the judge of the superior court did not err in affirming the decision of the Board of Review.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*